**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. ANITA F. FLUSCHE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 19-CV-42-TCK-JFJ |
| ) | |
| 1. REHAB PRO II, L.P. d/b/a REHAB ) | JURY TRIAL DEMANDED |
| PRO THERAPY, a foreign ) | |
| corporation; ) | |
| 2. REHAB PRO, L.P. d/b/a REHAB ) | ATTORNEY'S LIEN CLAIMED |
| PRO THERAPY, a foreign ) | FOR THE FIRM |
| corporation; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Anita Flusche ("Plaintiff"), through her attorney of record, Charles C. Vaught of Armstrong & Vaught, P.L.C., and brings this action pursuant to the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h), as amended, for the retaliation she was subjected to subsequent to her protected reports of Medicare Fraud committed by the Defendants, Rehab Pro II, L.P. d/b/a Rehab Pro Therapy and Rehab Pro, L.P. d/b/a Rehab Pro Therapy (collectively "Rehab Pro" or "Defendants", and hereby states and alleges, as follows:

**I.   NATURE OF THE ACTION**

1. Plaintiff brings this action to recover reinstatement, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees, for Defendants' violations of the False Claims Act, 31 U.S.C. § 3730(h), as amended.

2. Plaintiff is a former employee of RehabPro. These claims are based upon Plaintiff's protected internal reports of Medicare and Medicaid fraud which she personally observed throughout her employment with Defendants.

1

3. Concerned that a fellow staff member at Rehab Pro, Holly Hunzicker (hereinafter "Hunzicker") was fraudulently representing her billable activities, and thus caused false claims to be submitted to the government for payment by the Medicare and Medicaid programs, Plaintiff continuously raised concerns regarding Hunzicker committing Medicare fraud throughout her employment with Rehab Pro.

4. In retaliation for Plaintiff reporting to Defendants' management about her concern that RehabPro was committing Medicare fraud, RehabPro terminated Plaintiff from her employment.

## II. JURISDICTION

5. This court possesses subject matter jurisdiction to entertain this action under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 3730(h) and 3732(a) as Defendants can be found and transact business in this district.

## III. VENUE

6. Venue is proper in this District under 28 U.S.C. § 3730(h) and 31 U.S.C § 3732 because Defendants resides or transact business in this district.

## IV. PARTIES

7. Plaintiff, Anita F. Flusche, is a resident of Tulsa, Oklahoma and a former employee of Rehab Pro in Tulsa, Oklahoma who was assigned to work as a Therapist at The Villages at Southern Hills (VASH). Plaintiff brings this action for violations of 31 U.S.C. §§ 3729, *et seq.* on behalf of herself.

8. Defendants are Texas corporations, with common ownership and control and centralized oversight of employment matters, that engage in significant operations in Tulsa, Oklahoma in that they provide skilled nursing services at The Villages at Southern Hills, Plaintiff's

primary work location, as well as at other nursing facilities in this judicial district. More specifically, Defendants provide skilled therapy services to patients within nursing facilities who are covered by Medicare and Medicaid, as well as private insurance.

## V.   STATEMENT OF FACTS

9. Plaintiff began her employment with Defendants as a Speech Language Pathologist ("SLP") in March of 2012.

10. Soon after she began working for Defendants, Plaintiff observed what she reasonably believed were ethical issues involving a Speech Theraphy ("ST") co-worker, Holly Hunzicker. These issues included, but were not limited to:

    a. Hunzinger leaving the workplace without clocking out and charging for services that were not rendered during her absence; and

    b. Hunzinger engaging in nonprofessional activities that were unrelated to patient care, such as playing on her phone while ignoring patients during therapy sessions, talking to fellow employees while ignoring patients who were supposed to be receiving therapy and otherwise failing to perform the skilled therapy the patients were scheduled to receive, while at the same time charging for speech therapy services that did not occur.

11. Plaintiff frequently observed specific instances wherein Hunzicker billed Medicare patients inaccurately, including:

    a. Billing over two hours of activity to multiple Medicare patients without treating them on August 20, 2013.

    b. Patient Dorothy B.'s Medicare insurance was billed for 45 minutes of treatment on August 30, 2013, for working on oral exercises, that were not part of the patient's treatment plan at that time.

    c. Patient R.' Medicare insurance was charged for 60 minutes of treatment on September 1, 2013, but the session lasted approximately 30 minutes.

    d. Hunzicker was not actively with patients on September 1, 2014 but still billed time to Medicare patients that day.

    e. Hunzicker sat next to patients as they did their activity but remained on her cell phone the entire time on February 5, 2015.

    f. During a co-treatment with another staff member on February 23, 2017, Hunzicker left the session after 30 minutes but billed the patient's Medicare insurance for 50 minutes of therapy time.

    g. Patient Bonnie D. reported she did not have therapy with Hunzicker on March 3, 2017 but her Medicare insurance was still charged for 50 minutes of treatment that day.

12. Plaintiff reported the issues mentioned in ¶ 11 to management on numerous occasions, including:

    a. Plaintiff reported the incidents involving Hunzicker on August 30-September 1, 2013 to her supervisor, Ashley Bruce, on or about September 4, 2013. Follow up reports, which specifically referenced that Hunzicker was committing Medicare fraud, were made to management on the following dates which are not inclusive of all of the reports provided by Plaintiff: September 4, 2013, March 7, 2014, January 9, 2015, and April 14, 2015. After each report, Plaintiff was assured that the facility would

      address these issues with Hunzicker. However, no changes immediately followed the reports.

   b. Plaintiff anonymously contacted the Ethics Line to report Ms. Hunzicker's behavior on May 12, 2015. After calling back, as she was instructed to do, Plaintiff was informed that her report would be reviewed to determine if an investigation was necessary on May 19th, 2015.

   c. On May 20th, 2015, Plaintiff was asked to meet with Ashley Bruce and Tamara, the area supervisor. In her meeting, Plaintiff explained her concerns about the overcharging being committed by Hunzinger and that her professional license required her, as well as any other Therapist, to report instances of possible Medicare fraud. Tamara told her that they would take her report seriously, and would follow a protocol.

13. After the meeting with Ms. Bruce and Tamara, Plaintiff was told that workplace fraud concerns would be monitored so she did not continue documenting specific instances that she noticed. However, there were no noticeable changes in Ms. Hunzicker's behavior.

14. On March 4, 2017, Plaintiff requested a private meeting with Suzan Jones, Defendants' Assistant Manager at The Villages at Southern Hills, to report recent problems involving Hunzicker from the past weekend that Plaintiff had personally observed. Jones acknowledged Plaintiff's concerns during their meeting. Later that day, Plaintiff was called into the office of then-current manager, Danielle. Danielle told Plaintiff that she should have brought this information to management sooner and let them investigate the situation.

15. On March 7, 2017, Plaintiff was summoned to Danielle's office. Danielle, with Ashley Bruce present, presented Plaintiff with a termination notice containing false information.

16. Prior to her termination, Plaintiff had never been subjected to discipline by Defendants and, as such, it is clear that her termination was motivated by her protected report of Medicare fraud to Defendants agents and employees.

### First Cause of Action
### (Retaliatory Discharge in Violation of 31 U.S.C. § 3730 (H))
### (31 U.S.C. § 3729(a)(2))

17. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 16, as if fully set forth herein.

18. Defendants had a duty under the False Claims Act, 31 U.S.C. § 3730(h), to refrain from taking retaliatory actions against employees who take lawful actions in furtherance of a False Claims Act action including investigation for, testimony for or assistance in the action filed under this section. Internal complaints to an employer, such as occurred here, are also considered lawful action in furtherance of a False Claims Act action.

19. Plaintiff reasonably believed that falsely entering information that billed Medicare for patients without actually treating them constituted a violation of the False Claims Act.

20. Plaintiff provided information to Defendants which put them on notice that Hunzicker was engaging in illegal and fraudulent practices in violation of Medicare and Medicaid regulations and demanded that the practices be stopped.

21. The information provided by Plaintiff put the Defendants on notice that she was pursuing an investigation into the practices she complained of and, therefore, she was engaged in a protected activity as contemplated by the False Claims Act.

22. Plaintiff was terminated in retaliation for her good faith report of wrong doing

23. Plaintiff has been damaged by the retaliation complained of herein and seeks an award of compensation as provided for under the False Claims Act.

**WHEREFORE**, premises considered, Plaintiff prays for judgment against Defendants for the damages sustained by virtue of her termination, including reinstatement, or front pay in lieu thereof, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees, all in excess of $100,000.00, as well as any such further relief as may be just and proper, for Defendants' violations of the False Claims Act, 31 U.S.C. § 3730(h), as amended.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***